For defendant: Clason, Brereton & Kingsley.

Mary Murphy
vs.
Thomas F. Mournighan, } P. A. No. 1209
Ex.

April 7, 1931.

CAPOTOSTO, J. By its verdict the jury found that the instrument claimed to be the last will of William F. Donovan was not in fact the will of the deceased.

The instrument, which is offered as Donovan's will, leaves his entire estate, consisting of a policy of insurance in the Trainmen's Brotherhood, to one Ellen H. Daylor, at times also known as Nellie Daley. She is not related to him, but claims that a few months before his death Donovan had promised to marry her.

The atmosphere surrounding the parties in this case deserves close scrutiny. The details are many and have to be considered in relation to each other to be fully appreciated. The facts unfold the life of a hard-working man, addicted more or less to drink, ending its final hours without that care and attention, not to speak of affection, that we wish to every human being.

On Monday, April 28, 1930, without any disclosed reason, Donovan left the place where he had been living for a number of years and went to Mrs. Daylor's. The following Thursday he became sick, went to Dr. Mournighan's office, and was found suffering with pneumonia. On Saturday night, about 9 p. m., the paper offered as his will was written in Mrs. Daylor's house. Donovan died Monday, May 5th, in the early afternoon. All told, Donovan

had been in Mrs. Daylor's house about one week. Mrs. Daylor admitted that she never told Donovan that she would take care of him, and further stated that she, in fact, did nothing for him before Friday, May 2nd. She further testified that she had known Donovan casually as "one of the boys" for some years, and more intimately for about six months.

The day that the will was drawn Donovan's illness began to show the critical symptoms of a rising pulse and falling temperature. Who mentioned the making of a will is left to conjecture. Dr. Mournighan did say that he suggested to Donovan that he call a lawyer, that he was told to do so, and that he secured the services of the attorney who drew the will. The setting is pathetic. Further details and comments are unnecessary.

The will is contested by Donovan's next of kin.

Mrs. Daylor stated in her testimony that Donovan told her that he had a niece, a daughter of his brother, whose first name he did not remember but whose last name was also Donovan. She positively stated that the niece's surname was Donovan and not Murphy. This testimony is relevant when taken in connection with the provisions of the will, whereby Donovan is alleged to have devised all his property to "Ellen J. Daylor, of Providence, who has been a kind and true friend of years standing and who has nursed me during a severe illness." The will then proceeds to say that all the property which he then possessed was an "insurance policy in the Brotherhood of Railroad Trainmen. At present this policy is payable to my niece, Mary Murphy, whom I have not seen in over twenty years, . . . and I do hereby declare that . . . under no circumstances do I consent to have my said niece obtain one cent of my insurance money . . ."

Donovan had two nieces, Kathleen B. Murphy and Helen T. Murphy, daughters of his married sister, Mary.

Donovan's brother had a daughter, Catherine, whose whereabouts were unknown for over twenty-five years. There was no person by the name of "Mary Murphy" who was a "niece" of Donovan.

The instrument claimed to be the will of Donovan is inconsistent with the established facts. It is at variance with the real relations of the immediate parties and succeeds in naming a non-existing person as the object of his displeasure. Taking into consideration his critical physical condition, his failure to recollect his relatives with any certainty, the undue appreciation of negligible services by the chief beneficiary, and the circumstances surrounding the actual drawing of the will, the jury was amply justified in finding that the instrument in question was not the will of the deceased, William F. Donovan.

Motion for new trial denied.

For appellant: Curran, Hart, Gainer & Carr.

For appellee: Fergus J. McOsker.